Tarak Anada (*Admitted Pro Hac Vice*)
JONES WALKER LLP
201 Saint Charles Ave, Suite 4900
New Orleans, LA 70170

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RITTVO INVESTMENT FUND LLC 4 d/b/a Rittvo Family Investments LLC 4; RITTVO INVESTMENT FUND LLC 3 d/b/a Rittvo Family Investments LLC 3; RITTVO FAMILY LLC 3 d/b/a Rittvo Family Investments LLC 3; GASTWIRTH FAMILY TRUST; and JASON M. GASTWIRTH, in his capacity as Trustee of Gastwirth Family Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>POMP & WHIMSY, INC.; NICOLA NICE; TODD GALLOPO; NORI-ANN DE LA CRUZ; DOE INDIVIDUALS 1-20; and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00240-APG-DJA<br><br>**UNNOPOSED MOTION TO EXTEND DISCOVERY PERIOD** |

## UNNOPOSED MOTION TO EXTEND DISCOVERY PERIOD

Pursuant to LR IA 6-1, Plaintiffs[1] certify that this is the second motion to extend time to take discovery. Plaintiffs respectfully move the Court to extend the discovery period by an

---

[1] The Plaintiffs are Rittvo Family Investments LLC 4, Rittvo Family Investments LLC 3, Gastwirth Family Trust, and Jason M. Gastwirth, in his capacity as Trustee of the Gastwirth Family Trust (collectively "Plaintiffs").

**JONES WALKER LLP**
201 Saint Charles Ave., Suite 4900
New Orleans, LA 70170
Telephone: (504) 582-8322
Facsimile: (504) 589-8322

additional sixty (60) days for the following reasons. **All parties to this action consent to the extension sought herein.**

I.   BACKGROUND

This case was originally brought as a straightforward breach of contract dispute, and was assigned an expedited discovery period of 120 days, expiring on July 22, 2023. ECF Nos. 1, 17. During the Defendants' depositions, however, preliminary evidence was uncovered that, in Plaintiffs' estimation, gave rise to veil-piercing/"alter-ego" liability on the parts of the individual Defendants Nicola Nice, Nori Ann De La Cruz and Todd Gallopo. ECF Nos. 22 at 3-4, 22-3. Upon first learning this new information, Plaintiffs promptly moved to amend their Complaint to add a veil-piercing claim against the individual Defendants. ECF No. 22. Magistrate Judge Albregts granted Plaintiffs leave to file their Amended Complaint on December 14, 2023, recognizing that Plaintiffs' "prompt amendment was diligent and demonstrates good cause under Rule 16(b)(4)." ECF No. 39.

The Court then granted summary judgment in Plaintiffs' favor on their breach of contract/personal guarantee claims against the Defendants, and denied the Defendants' cross motion for summary judgment, leaving Plaintiffs' veil-piercing cause of action the only remaining live claim in the case. ECF No. 46.

Plaintiffs then sought leave to conduct limited additional discovery concerning their veil-piercing claims. On February 28, 2024, Magistrate Judge Albregts granted Plaintiffs an additional sixty (60) days to conduct discovery on their veil-piercing claims. ECF Nos. 48, 49. This extended discovery period expires on April 29, 2024. ECF No. 48.

In granting Plaintiffs leave to conduct additional discovery relating to their veil-piercing claims, on the issue of whether Plaintiffs' proposed veil-piercing discovery requests would "lead to relevant evidence," Magistrate Judge Albregts noted "I don't hear any argument that it's not

JONES WALKER LLP
201 Saint Charles Ave., Suite 4900
New Orleans, LA 70170
Telephone: (504) 582-8322
Facsimile: (504) 589-8322

going to. And, in fact, *I think it probably will lead to relevant evidence*...." ECF No. 49 at 22 (emphasis added). Magistrate Judge Albregts further cautioned the parties that if another discovery dispute arose in the case, the losing party to such motion would likely be required to pay the opposing side's attorney's fees:

> And if you guys can't resolve the disputes and it comes before me, I am very inclined to make whoever loses those disputes pay sanctions in the form of attorney's fees for the costs of having to bring the discovery motions. … And so if you come back before me on discovery disputes in these next 60 days, whoever loses that after I review it is probably going to be paying the other side's attorney's fees.

ECF No. 49 at 25-26.

Plaintiffs promptly propounded written discovery related to their veil-piercing claim on Defendants on March 1, 2024. After Plaintiffs granted Defendants' requested extension of time to respond, Defendants provided preliminary discovery responses on April 8, 2024. Plaintiffs' counsel promptly outlined the deficient and incomplete nature of Defendants' discovery responses in an April 10, 2024 letter to defense counsel, and conducted a Rule 37 telephonic discovery conference with Defendants' counsel on that same date in an attempt to resolve the discovery dispute.

The discovery dispute was not resolved at the conference. Rather, Defendants' counsel admitted to having failed to produce complete responsive documents, and informed Plaintiffs' counsel that additional responsive documents would be forthcoming in future "rolling productions." Defendants additionally objected to producing any of the individual Defendants' (Nice, De La Cruz and Gallopo) requested financial information (which would be directly relevant to whether or not they improperly siphoned money from Pomp & Whimsy for their own personal use or commingled corporate assets with their own, thereby giving them "alter-ego" liability).

JONES WALKER LLP
201 Saint Charles Ave., Suite 4900
New Orleans, LA 70170
Telephone: (504) 582-8322
Facsimile: (504) 589-8322

Since the Rule 37 conference, Defendants have made two additional rolling productions, but have still not fully responded to Plaintiffs' supplemental discovery requests. And the responsive documents that Defendants have produced raise more questions than answers, and will require follow up written discovery, third-party subpoenas and depositions.

For example, Pomp & Whimsy's bank statements produced in discovery reveal that, during the timeframe applicable to Plaintiffs' veil-piercing claim, Defendants Nice and De La Cruz have moved approximately $258,000.00 from Pomp & Whimsy to a company called THINK Conservatory, which, on information and belief, Nice and De La Cruz also own, have an ownership interest in, and/or manage. It is highly improbable that (1) Pomp & Whimsy, a very small startup company that apparently never even made it off the ground could have incurred $258,000.00 in alleged "consultancy services" from its own founders' other company—THINK Conservatory, or (2) actual legitimate services were rendered by THINK Conservatory to Pomp & Whimsy that have a value anywhere near $258,000.00. Indeed, this amount is nearly 65% of the principal amount of debt that Pomp & Whimsy owes to Plaintiffs—Pomp & Whimsy's largest creditor.

Defendants have not yet produced any documents that illustrate why such exorbitant sums were paid to THINK Conservatory. Plaintiffs have also served a third-party subpoena on THINK Conservatory for information relating to its services allegedly provided to Pomp & Whimsy.

Additionally, Pomp & Whimsy's bank statements reveal that large sums of money were regularly paid out of Pomp & Whimsy's account to unknown recipients through "Bill.com." Defendants have yet to produce any documents explaining who the recipients of these payments were or why they were made. While the parties are engaging in Rule 37 discussions to attempt to resolve these disputed discovery items, a motion to compel may be required.

Moreover, Pomp & Whimsy's bank records make it apparent that an additional deposition of Pomp & Whimsy, Nice and/or De La Cruz will be required to obtain additional information related to the transactions in questions.

In sum, numerous discovery issues and disputes have arisen during the 60-day veil-piercing discovery period provided by Magistrate Judge Albregts.[2] As such, additional time is needed for Plaintiffs to be able to complete discovery on its veil-piercing claims. Plaintiffs need additional time to (1) serve third-party discovery, (2) serve additional written discovery on Defendants to follow up on ambiguous transactions disclosed in Defendants discovery responses, and (3) resolve Defendants' failure to respond to numerous discovery requests by filing a motion to compel if necessary.

Plaintiffs therefore request that they be granted an additional 60 days, or until June 28, 2024 to complete discovery in this matter. While the Defendants may dispute the factual basis for the extension set forth above, **Defendants' counsel has confirmed that Defendants consent to the requested extension of an additional 60 days.**

## II. MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to LR 26-3,

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. … A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

---

[2] Magistrate Judge Albregts has now recused himself from this matter because he presided over a settlement conference between the parties on April 12, 2024. ECF No. 55. A settlement was unable to be reached at the conference.

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery

## A. Statement specifying the discovery completed to date.

As detailed above, Plaintiffs promptly propounded written discovery relating to their veil-piercing claims on March 1, 2024. Defendants provided objections and incomplete responses on April 8, 2024. The parties participated in a Rule 37 discovery conference on April 10, 2024. Defendants have since made supplemental productions of documents, but have still failed or refused to respond to all of the discovery requests. Plaintiffs may need to file a motion to compel to resolve these issues.

## B. A description of the discovery that remains to be completed.

Plaintiffs have recently served a document subpoena on third-party THINK Conservatory, and are waiting on responsive documents to be produced. Motion practice may be required to compel THINK Conservatory to fully comply with the subpoena. Plaintiffs also need to propound supplemental written discovery requests on Defendants to request further information regarding questionable transactions reflected in the account statements that Pomp & Whimsy recently produced in discovery, and need to take the follow up depositions of Pomp & Whimsy, Nice and/or De La Cruz to inquire about ambiguous bank transactions reflected in the account statements that Pomp & Whimsy recently produced in discovery.

### C. Reasons why this remaining discovery cannot be completed during the remaining discovery period.

Upon initially being granted an additional 60 days to conduct veil-piercing discovery, Plaintiffs immediately propounded supplemental discovery requests on Defendants on March 1, 2024. Defendants provided incomplete responses on April 8, 2024, and are still providing "rolling productions" of additional responsive documents at the present time. The current discovery period ends in a few weeks on April 29, 2024. Due to the Defendants' failure to provide timely and complete responses to Plaintiffs' supplemental written discovery requests, there is simply not enough time left in the discovery period for Plaintiffs to finish taking discovery on their newly-added veil piercing claim. This is further compounded by the fact that Plaintiffs' counsel Tarak Anada is starting a multi-week trial in New Orleans, Louisiana on April 16, 2024 that is expected to last until the end of April.[3]

### D. There is good cause to further extend the discovery period.

"The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence." *Stamler v. Pro. Trucking, Inc.*, No. 2:22-cv-02023-JAD-NJK, 2023 U.S. Dist. LEXIS 220980, at *3-4 (D. Nev. Dec. 8, 2023) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Id.*

Here, the Plaintiffs diligently propounded written discovery on the Defendants immediately upon Magistrate Judge Albregt's ruling to permit additional discovery on Plaintiffs' veil-piercing claims. Because Defendants have still not provided complete discovery responses (which may necessitate a motion to compel), and the partial document production they did make

---

[3] *Anderson, et al. v City of New Orleans, et al.*, No. 2000-7489, Div J, Sec. 15, Civil District Court, Parish of Orleans, State of Louisiana.

raises numerous additional questions that need to be followed up on with additional written discovery, third-party subpoenas and depositions, the current discovery deadline cannot reasonably be met despite Plaintiffs' diligence.

**E.     A proposed schedule for completing all remaining discovery.**

Plaintiffs propose that the April 29, 2024 discovery deadline as well as the other deadlines contained in ECF No. 48 be extended by 60 days. These deadlines include:

- Current discovery cut-off of 4/29/24;
- Current dispositive motion deadline of 6/28/24;
- Current joint pretrial order deadline of 7/29/24 (or 30 days after decision on dispositive motion).

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully move the Court to extend the discovery period by an additional sixty (60) days for the following reasons. **All parties to this action consent to the extension sought herein.**

Respectfully submitted,

| | |
|---|---|
| JONES WALKER LLP | BARRON & PRUITT, LLP |
| */s/ Tarak Anada* | |
| Tarak Anada (*Pro Hac Vice*) | /s/ *David Barron* |
| LA Bar. No. 31598 | David Barron, No. 142 |
| 201 Saint Charles Ave., Suite 4900 | 3890 West Ann Road |
| New Orleans, LA 70170 | North Las Vegas, Nevada 89031 |

*Attorneys for Plaintiffs*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: April 16, 2024

#102196132v3

Page 8 of 9